**NOT FOR PUBLICATION**

## UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| CHAMBERS OF<br>**SUSAN D. WIGENTON**<br>UNITED STATES DISTRICT JUDGE | MARTIN LUTHER KING COURTHOUSE<br>50 WALNUT ST.<br>NEWARK, NJ 07101<br>973-645-5903 |

May 13, 2016

Jenny Kramer, Esq.
Chadbourne & Parke LLP
1301 Avenue of the Americas
New York, NY 10019-6022
*Attorneys for Intervenor John Doe*

Bruce S. Rosen, Esq.
McCusker, Anselmi, Rosen & Carvelli, PC
210 Park Avenue, Suite 301
P.O. Box 240
Florham Park, NJ 07932
*Attorneys for Movants North Jersey Media Group, Inc.  et al.*

David W. Feder, Esq.
J. Fortier Imbert, Esq.
Lee M. Cortes, Esq.
Vikas Khanna, Esq.
U.S. Department of Justice
Office of the United States Attorney
District of New Jersey
970 Broad Street, Suite 700
Newark, NJ 07102
*Attorneys for the United States of America*

Michael A. Baldassare, Esq.
Jennifer Mara, Esq.
Dillon Hoey Malar, Esq.
Baldassare & Mara, LLC
570 Broad Street, Suite 900
Newark, NJ 07102
*Attorneys for Defendant William E. Baroni, Jr.*

Michael D. Critchley, Esq.
Critchley, Kinum & Vasquez, LLC
75 Livingston Avenue
Roseland, NJ 07068
*Attorneys for Defendant Bridget Anne Kelly*

David Robert Kromm, Esq.
The Port Authority of New York and New Jersey
4 WTC
150 Greenwich Street – 24th Floor
New York, NY 1007
*Attorney for Interested Party Port Authority*

**LETTER ORDER FILED WITH THE CLERK OF THE COURT**

  Re: **North Jersey Media Group, Inc. et al. v. United States of America et al.**
     **Civil Action No. 16-267 (SDW)**

Counsel:

  Before this Court is Proposed Intervenor John Doe's ("Doe") 1) Emergent Motion to Intervene, to Proceed Anonymously, and to Stay this Court's May 10, 2016 Order directing the Government to make public the Conspirator Letter, and 2) Motion for Stay Pending Appeal pursuant to Federal Rule of Appellate Procedure 8(a)(2)(A). This Court having considered the parties' submissions, and for the reasons discussed below, grants Doe's motions to intervene and to proceed anonymously and denies his motions for a stay and for a stay pending appeal.

**DISCUSSION**

  A. Request for Intervention

  Federal Rule of Civil Procedure 24(a) provides for two means of intervention in matters pending in federal court: intervention as of right and permissive intervention. *ACR Energy Partners, LLC v. Polo North Country Club, Inc.*, 309 F.R.D. 191, 192 (D.N.J. 2015); *see generally* FED. R. CIV. P. 24. Intervention as of right exists where: "(1) the application for intervention is timely; (2) the applicant has a sufficient interest in the litigation; (3) the interest may be affected or impaired, as a practical matter, by the disposition of the action; and (4) the interest is not adequately represented by an existing party in the litigation." *Mountain Top Condo. Ass'n v. Dave Stabbert Builder, Inc.*, 72 F.3d 361, 365-66 (3d Cir. 1995). Alternatively, a court may "permit anyone to intervene who . . . has a claim or defense that shares with the main action a common question of law or fact." FED. R. CIV. P. 24(b)(1). Under either path to intervention, the motion to intervene must be timely. *See, e.g. Gen. Refractories Co. v. First State Ins. Co.*, No 04-3509, 2012 WL 262647, at *7 (E.D. Pa. Jan. 30, 2012). Timeliness is "determined by the totality of the circumstances," *United States v. Alcan Aluminum, Inc.*, 25 F.3d 1174, 1181 (3d Cir. 1994), and in exercising its discretion to make such a determination, the trial court must consider, "(1) the stage of the proceeding; (2) the prejudice that delay may cause the parties; and (3) the reason for the delay." *Mountain Top*, 72 F.3d at 369. In considering the "temporal component to the timeliness inquiry" a court should look to when "an applicant knows, or should know, its rights are directly affected by the litigation . . .." *Alcan*, 25 F.3d at 1182-83.

2

Looking first to timeliness, this Court is puzzled by Doe's failure to intervene sooner in this matter, given the four-month window between the public filing of the Media's January 13, 2016 motion for access to records and the entry of this Court's May 10th Opinion and Order.  In addition to the docketing of the motion, the extensive media coverage was more than sufficient to put him on notice that his interests were at stake.  Doe had every opportunity to intervene during the pendency of that motion, yet waited to do so until after the Order was entered.  As Doe's moving papers fail to indicate why he did not seek to protect his rights sooner, this Court can only speculate as to the strategy behind such a choice.  However, in an abundance of caution, and in light of the interest Doe has in this matter as a person whose name may be released to the public as an unindicted co-conspirator, and noting that his interests were not expressly represented by either Movants or Respondents, this Court grants Doe's motion to intervene pursuant to Federal Rule of Civil Procedure 24.

### B.  Request to Proceed Anonymously

Federal Rule of Civil Procedure 10(a) states that case captions must "name all the parties." FED. R. CIV. P. 10(a); *see also Doe v. Megless*, 654 F.3d 404, 408 (3d Cir. 2011) (noting that the rule "requires parties to a lawsuit to identify themselves in their respective pleadings.").  However, "courts have recognized that a party may, under limited circumstances, proceed by way of pseudonym . . .."  *Doe v. Oshrin*, 299 F.R.D. 100, 102 (D.N.J. 2014).  "The decision to allow a plaintiff to proceed anonymously rests within the sound discretion of the court."  *Id*. at 103.  The Third Circuit requires the trial court to weigh factors that favor anonymity such as:

> (1) the extent to which the identity of the litigant has been kept confidential; (2) bases upon which disclosure is feared or sought to be avoided, and the substantiality of these bases; (3) the magnitude of the public interest in maintaining the confidentiality of the litigant's identity; (4) whether, because of the purely legal nature of the issues presented or otherwise, there is an atypically weak public interest in knowing the litigant's identities; (5) the undesirability of an outcome adverse to the pseudonymous party and attributable to his refusal to pursue the case at the price of being publicly identified; and (6) whether the party seeking to sue pseudonymously has illegitimate ulterior motives, *Megless*, 654 F.3d at 409,

against factors disfavoring anonymity such as:

> The universal level of public interest in access to the identities of litigants; (2) whether, because of the subject matter of this litigation, the status of the litigant as a public figure, or otherwise, there is a particularly strong interest in knowing the litigant's identities, beyond the public's interest which is normally obtained; and (3) whether the opposition to pseudonym by counsel, the public, or the press is illegitimately motivated.

*Id.*

Here, the purpose of Doe's motion is to maintain the anonymity he currently possesses as an unindicted co-conspirator whose name has not been publicly released. Although this Court is unpersuaded that Doe will be wrongfully "brand[ed] . . . as a criminal," (Doe Mot. at 1), requiring him to identify himself defeats the very purpose of his motion to stay this Court's Order directing the Government to disclose the contents of the Conspirator Letter. Given that Doe's identity has been kept confidential until this point, Doe's motion to proceed anonymously is granted.

C. Request for Stay

A party seeking a stay must show: "(1) a likelihood of success on the merits; (2) that it will suffer irreparable harm if the injunction is denied; (3) that granting preliminary relief will not result in even greater harm to the nonmoving party; and (4) that the public interest favors such relief." *Kos Pharms., Inc. v. Andrx Corp.*, 369 F.3d 700, 708 (3d Cir. 2004).

Turning first to his likelihood of success on the merits, Doe contends that 1) the Conspirator Letter is not a bill of particulars or judicial record to which the public has a right of access but rather is a "courtesy copy" of a discovery document sent to the Court, and 2) "identifying him as an unindicted co-conspirator without providing him a forum to challenge that designation would undeniably deprive him of due process." (Doe Mot. at 9.) This Court disagrees.

First, the Conspirator Letter was submitted to this Court and Defendants in response to Defendants' motions for bills of particulars. The Government requested that the document be maintained under seal, pursuant to internal policies of the U.S. Attorney's office "regarding bills of particulars that identify unindicted co-conspirators." (Gov't. Opp'n Br. to Media Mot. Intervene, Dkt. No. 26 at 7-8.) The document was never labeled a courtesy copy, nor has the Government included this Court in other exchanges of mere discovery material. Therefore, this Court deemed the Conspirator Letter a judicial record, and applied the Third Circuit's analysis in *United States v. Smith*, 776 F.2d 1104 (3d Cir. 1985) to balance the public's right of access to judicial records and proceedings against the Government's interest in maintaining the seal on such documents to determine that the public's compelling interest outweighed the privacy interests of those identified in the letter. (Dkt. Nos. 33 & 34.) Doe does not address the Court's analysis, nor provide a counter-analysis under the *Smith* standard.

Second, Doe fails to show that he has been denied Due Process. Doe cites to no binding authority that stands for the proposition that his Due Process rights will be violated by being identified as an unindicted co-conspirator. Nor does Doe acknowledge that his privacy rights were considered in this Court's May 10th Opinion in its application of the *Smith* balancing test and in *in camera* proceedings before this Court during which time Doe was given the opportunity to be heard orally and in writing. This Court does not take the identification of unindicted co-conspirators lightly, recognizing the possible reputational consequences of such a revelation. However, here, this Court has given Doe notice and an opportunity to be heard and has thoroughly considered his privacy interests in determining that the Conspirator Letter should be made public. Pursuant to the dictates of Due Process, Doe has been heard by this Court.

Because Doe has not shown a likelihood of success on the merits, this Court need not reach the remaining three factors for injunctive relief.[1] Therefore, Doe's request for a stay is denied. As the standard for a stay pending appeal is "essentially the same as that for obtaining a preliminary injunction," *Conestoga Wood Specialties Corp. v. Sec'y of U.S. Dep't of HHS*, No. 13-1144, 2013 WL 1277419, at *1 (3d Cir. Feb.8, 2013), this Court also denies Doe's request for a stay pending appeal.

**CONCLUSION**

For the reasons set forth above,

**IT IS** on this 13th day of May, 2016,

ORDERED that Doe's Motion to Intervene is **GRANTED**, and it is further

ORDERED that Doe's Motion to Proceed Anonymously is **GRANTED**, and it is further

ORDERED that Doe's Motion for a Stay is **DENIED**, and it is further

ORDERED that Doe's Motion for a Stay Pending Appeal is **DENIED**.

**SO ORDERED**.

____/s/ Susan D. Wigenton_____

SUSAN D. WIGENTON, U.S.D.J

Orig:   Clerk
cc:     Parties

---

[1] This Court notes, however, that Doe has not articulated any irreparable harm other than possible "stigma" in being named an unindicted co-conspirator. (Doe Mot. at 11.) As to a balancing of the equities, they do weigh in Doe's favor because, although the Media has a great interest in knowing the contents of the Conspirator Letter, there is no urgency to their request. Finally, the public interest does not favor issuance of a stay. As noted in this Court's May 10th Opinion and Order, the public has a presumptive right of access to the Conspirator Letter pursuant to the First Amendment. As Doe concedes in his papers, this stay will likely only delay the inevitable, as his identity and alleged role in the lane closures "will be learned at trial." (Doe Mot. at 12.)